NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

DEC 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO MIGUEL CASTILLO ESCALANTE; ZAIRA ROSEBET CRUZ CACERES, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 25-860 <br><br> Agency Nos. <br> A208-128-005 <br> A208-128-006 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2025[**]
Portland, Oregon

Before: McKEOWN and SUNG, Circuit Judges, and FITZWATER, District
Judge.[***]

Francisco Castillo Escalante ("Castillo Escalante") and his wife Zaira

Rosebet Cruz Caceres ("Caceres") petition for review of the Board of Immigration

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

Appeals' ("BIA's") order affirming the immigration judge's ("IJ's") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.  "Where, as here, the BIA agrees with the IJ['s] decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies."  *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027-28 (9th Cir. 2019).  We review legal questions *de novo* and factual determinations for substantial evidence.  *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).  "Under the substantial evidence  standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  *Id.* (citation and emphasis omitted).

2.  In his opening brief, Castillo Escalante does not challenge the BIA's conclusion that "Mexican business owners" is not a cognizable social group for purposes of asylum or withholding.  Accordingly, he has forfeited this argument.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

---

[1] Caceres does not seek relief or protection separately from Castillo Escalante's application.  Accordingly, we do not independently address her claims.

3. The BIA did not err when it concluded that Castillo Escalante failed to show a nexus between the extortion he suffered and his membership in a group composed of the children of his father, Joaquin Castillo Cervantes.[2] His argument that the BIA incorrectly reviewed the IJ's nexus determination for clear error is unavailing. The BIA reviews the IJ's underlying factual findings for clear error and the ultimate nexus determination *de novo*. *Umana-Escobar v. Garland*, 69 F.4th 544, 551-52 (9th Cir. 2023). Here, the BIA correctly applied the clear error standard to the IJ's factual finding that money was the gang members' sole motivation for extorting Castillo Escalante. After accepting that factual finding, the BIA properly reviewed *de novo* the question of whether Castillo Escalante established the requisite nexus.

Moreover, substantial evidence supports the BIA's conclusion that Castillo Escalante failed to establish a nexus between the extortion and his group membership for purposes of asylum and withholding. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1018, 1018 (9th Cir. 2023) (reviewing a nexus determination for substantial evidence). "[P]ersecution solely on account of an economic motive"

---

[2] In his brief to the BIA, Castillo Escalante defined the social group as "children of Joaquin Castillo Cervantes," and the BIA referred to the group in those terms. In his opening brief on appeal, however, Castillo Escalante refers to the group as "children or family members of Petitioner's father, Joaquin Castillo Cervantes." This difference does not affect our analysis regarding whether he has shown the requisite nexus between the extortion and his group membership.

does not merit relief. *Baballah v. Ashcroft*, 367 F.3d 1067, 1075 n.7 (9th Cir. 2004). Although Castillo Escalante need not prove that his relationship to his father was the sole reason for the extortion, the record lacks evidence that it was a reason at all. *See Rodriguez-Zuniga*, 69 F.4th at 1019 n.2 (concluding that the petitioner failed to meet the nexus requirement where "substantial evidence support[ed] the agency's finding that . . . financial motivation was not in addition to a motivation based on family membership, but was instead the persecutor's exclusive motivation"). Accordingly, Castillo Escalante has failed to show past persecution on account of a protected ground.[3]

4. Substantial evidence supports the BIA's conclusion that Castillo Escalante failed to establish a well-founded fear of future persecution. *See Mashiri v. Ashcroft*, 383 F.3d 1112, 1123 (9th Cir. 2004) (reviewing the BIA's relocation decision for substantial evidence). Because Castillo Escalante failed to show past persecution, the BIA correctly concluded that he had the burden of proving that relocation within Mexico would be unreasonable. *See Duran-Rodriguez*, 918 F.3d at 1029 (9th Cir. 2019). The only evidence Castillo Escalante presented in support

---

[3] The Supreme Court of the United States has granted certiorari in a case that may determine the appropriate standard of review for some of the BIA's persecution decisions. *See Urias-Orellana v. Bondi*, 145 S. Ct. 2842 (2025) (Mem.). The resolution of that question is immaterial to this appeal because our conclusion concerning the BIA's nexus determination would be the same under a *de novo* standard of review.

of his internal relocation argument was generalized evidence of violence throughout Mexico. Such evidence is insufficient to establish that relocation would be unreasonable. *See Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021).

5. Substantial evidence supports the BIA's denial of CAT protection. *Aguilar Fermin v. Barr*, 958 F.3d 887, 891-92 (9th Cir. 2020) (noting the standard of review). Castillo Escalante has not shown a likelihood that he "would be tortured if removed to [Mexico] . . . at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Rodriguez-Zuniga*, 69 F.4th at 1023 (citation and internal quotation marks omitted). The record lacks evidence that Castillo Escalante was tortured in the past. Castillo Escalante's generalized evidence of violence is insufficient to establish that he is likely to suffer torture. *See Hussain*, 985 F.3d at 649 (requiring a "particularized threat of torture" for CAT protection (citation and internal quotation marks omitted)); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (concluding that "generalized evidence of violence and crime in Mexico is not particular . . . and is insufficient to meet [the CAT] standard"). And the record reflects that the IJ considered evidence of country conditions. Castillo Escalante's vague assertions to the contrary fail to meet his burden to specifically identify

evidence that the BIA or IJ prejudicially ignored.[4] *See Cruz v. Bondi*, 146 F.4th 730, 739 (9th Cir. 2025) (applying the presumption of regularity to BIA and IJ decisions). Because Castillo Escalante has failed to demonstrate a likelihood of torture, we need not reach the issue of government involvement or acquiescence.

**PETITION DENIED**.

---

[4] The temporary stay of removal remains in place until the mandate issues. Petitioners' motion to stay removal is otherwise denied.